UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL ANGEL COLON,

      Petitioner,

v.                              Case No. 8:08-cv-74-T-23AEP

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

      Colon petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254

(Doc. 1) and challenges his conviction for, <u>inter</u> <u>alia</u>, armed trafficking in heroin,

conspiracy to traffic in heroin, and possession of a concealed firearm, for which

convictions Colon serves ten years.  Numerous exhibits ("Respondent's Exhibit __")

support the response.  (Doc. 9)  The respondent admits both the petition's timeliness

and that Colon fully exhausted the grounds asserted in the petition. (Response at 4 and

11, respectively)

## FACTS[1]

      A confidential informant arranged for undercover officers to purchase heroin from

co-defendant Gutierez.  Both Gutierez and Colon arrived at the designated motel room

in a car driven by Colon's adult son.[2]  Gutierez met with the undercover officers inside

the motel room for several minutes before returning to the car, where he retrieved the

_____

[1] This summary of the facts derives from Colon's brief on direct appeal.  (Respondent's Exhibit 2)

[2] Colon's two young grandson's were also in the car.

heroin.  Both he and Colon entered the motel room to complete the sale.  Colon was

armed with a gun concealed under his shirt and tucked inside the back of his waistband.

The transaction was both videotaped and monitored by officers outside the room using a

listening device.  Responding to a pre-arranged signal, officers entered the room and

arrested both Gutierez and Colon.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs

this proceeding.  Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998),

cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential

standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law,
> > as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

The purpose of federal review is not to re-try the state case.  "The Anti-Terrorism

and Effective Death Penalty Act of 1996 modified a federal habeas court's role in

reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to

ensure that state-court convictions are given effect to the extent possible under law."

Bell v. Cone, 535 U.S. 685, 693  (2002).  In Williams v. Taylor, 529 U.S. 362, 412-13

(2000), the Supreme Court interpreted this deferential standard:

In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one."  Bell v. Cone, 535 U.S. at 694.  See Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").  Moreover, the phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision."  Williams v. Taylor, 529 U.S. at 412.

In a per curiam decision without a written opinion the state appellate court affirmed Colon's convictions and sentences on direct appeal.  (Respondent's Exhibit 5)  The state appellate court affirmed the denial of Colon's Rule 3.850 motion to vacate except for the denial of one claim that the appellate court remanded for further development.  (Respondent's Exhibit 8)  In another per curiam decision without a written opinion the state appellate court affirmed the denial of Colon's remaining claim.

(Respondent's Exhibit 12)  The state appellate court's per curiam affirmances warrant

deference under Section 2254(d)(1) because "the summary nature of a state court's

decision does not lessen the deference that it is due."  Wright v. Moore, 278 F.3d 1245,

1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub

nom Wright v. Crosby, 538 U.S. 906 (2003).

Colon bears the burden of overcoming by clear and convincing evidence a state

court factual determination.  "[A] determination of a factual issue made by a State court

shall be presumed to be correct.  The applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

This presumption of correctness applies to a finding of fact but not to a mixed

determination of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert.

denied, 534 U.S. 1046 (2001).  The state court's rejection of Colon's post-conviction

claims warrants deference in this case.  (Respondent's Exhibits 7 at 130 and 526)

The federal petition contains the same nine claims of ineffective assistance of counsel

that Colon presented in his state Rule 3.850 motion to vacate.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Colon claims ineffective assistance of counsel, a difficult claim to sustain.  "[T]he

cases in which habeas petitioners can properly prevail on the ground of ineffective

assistance of counsel are few and far between."  Waters v. Thomas, 46 F.3d 1506, 1511

(11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of

counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims.  According to Strickland, first, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice.

Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective

assistance claim . . . to address both components of the inquiry if the defendant makes

an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we

are free to dispose of ineffectiveness claims on either of its two grounds.").  "[C]ounsel is

strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at

690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness

of counsel's challenged conduct on the facts of the particular case, viewed as of the time

of counsel's conduct."  466 U.S. at 690.  Strickland requires that "in light of all the

circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance."  466 U.S. at 690.

Colon must demonstrate that counsel's error prejudiced the defense because

"[a]n error by counsel, even if professionally unreasonable, does not warrant setting

aside the judgment of a criminal proceeding if the error had no effect on the judgment."

466 U.S. at 691-92.  To meet this burden, Colon must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  466 U.S. at 690-91.  Colon cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . .  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Colon must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  A federal habeas corpus action authorizes no independent determination of the reasonableness of counsel's actions but authorizes only a determination "whether the state habeas court was objectively reasonable in its Strickland inquiry."  Putnam v. Head, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002).

The state court recognized that Strickland controls a claim of ineffective assistance of counsel  (Respondent's Exhibit 7 at 130-31):

Each ground of Defendant's Motion raises claims of ineffective assistance of counsel.  When ineffective assistance is alleged, the burden is on the person seeking collateral relief to specifically allege the grounds for relief and to establish whether the grounds resulted in prejudice.  Effective assistance of counsel does not mean that a defendant must be afforded errorless counsel or that future developments in law must be anticipated. Meeks v. State, 382 So. 2d 673 (Fla. 1980).  In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the U.S. Supreme Court provided the following standard for determining ineffective assistance of counsel:

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.  A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable . . . . [T]he proper standard for attorney performance is reasonably effective assistance.

- 7 -

466 U.S. at 686-687.  In <u>Downs v. State</u>, 453 So. 2d 1102 (Fla. 1984), the Florida Supreme Court stated that the defendant must affirmatively prove prejudice.  The test for prejudice is:

> [T]hat there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Strickland</u>, 466 U.S. at 694.

Because the state court correctly recognized that <u>Strickland</u> governs each claim of ineffective assistance of counsel, Colon cannot meet the "contrary to" test in Section 2254(d)(1).  Colon instead must show that the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts.  Because of the presumption of correctness and the highly deferential standard of review, the analysis of each claim must start with the state court's analysis.[3]

<u>Ground Nine</u>:

Colon was charged with armed trafficking in heroin, possessing a concealed firearm, and possessing both cocaine and marijuana.  Immediately before trial commenced Colon moved to sever the counts.  The lack of success caused Colon to plead guilty to possessing both cocaine and marijuana, after which the jury convicted Colon of armed trafficking in heroin and possessing a concealed firearm.  In ground nine Colon alleges that trial counsel rendered ineffective assistance by allowing him to plead guilty despite knowing both Colon's mental condition and his use of psychotropic

---

[3]  The enumeration of the grounds is Colon's designation but the grounds are discussed in a more logical sequence.  For example, grounds nine and one are addressed consecutively because each asserts a challenge to Colon's mental capacity.

medications.  The state court conducted an evidentiary hearing and rejected this claim

(Respondent's Exhibit 9 at 2-5) (citations to record omitted) (footnotes omitted):

> In Claim Nine of his Motion, Defendant alleges ineffective assistance of counsel for failing to ensure Defendant's guilty plea was entered freely and voluntarily in light of Defendant's mental condition and use of psychotropic medications.  Defendant further alleges that counsel's failure to have Defendant's competence evaluated prior to entry of the guilty pleas constituted deficient performance.  Defendant contends that he was prejudiced because the insanity defense would have exonerated him, and he would not have pleaded guilty, but would have gone to trial.
>
> . . . .
>
> With regard to the acceptance of guilty pleas, the court accepting the plea shall ensure that it is knowing, intelligent, and voluntary by inquiring into the defendant's understanding of the plea.  Stokes v. State, 938 So. 2d 644, 645-646 (Fla. 2d DCA 2006).  Moreover, a "defendant's competency at the time he enters a guilty or no contest plea is an issue bearing upon the voluntary and intelligent character of the defendant's plea."  Hicks v. State, 915 So. 2d 741 (Fla. 5th DCA 2005); see Trawick v. State, 473 So. 2d 1235,1239 (Fla. 1985).
>
> The Court notes, however, that Defendant appears to confuse the defense of insanity with the requirement that a defendant be competent to stand trial.  With regard to insanity:
>
>> [A] defendant can be found not guilty by reason of insanity if he or she commits an unlawful act, but by reason of a mental infirmity, disease, or defect is unable to understand the nature and quality of his or her act, or its consequences, or is incapable of distinguishing right from wrong at the time of the incident
>
> Patton v. State, 878 So. 2d 368, 375 (Fla. 2004).  On the other hand, the standard for determining competency to stand trial is whether the defendant has "sufficient present ability to consult with counsel plus a rational and factual understanding of the pending proceedings."  Pardo v. State, 941 So. 2d 1057, 1063 (Fla. 2006).
>
> In this case, Defendant's trial counsel, Mr. Craig Huffman, testified at the . . . evidentiary hearing on Claim Nine of Defendant's Motion.  On direct examination, Mr. Huffman testified that he represented Defendant on the case for "close to a year, if not longer" before the case went to trial, and

that during this time, he had no less than eight (8) to ten (10) face to face meetings with Defendant.  Mr. Huffman further testified that he was aware Defendant was taking three (3) different medications, but based on his experience and his interactions with Defendant, nothing alerted him that he might need to request a competency evaluation and Defendant exhibited none of the behavior or other factors that would have raised a competency issue.  Specifically, Mr. Huffman testified that Defendant "had an appreciation of the charges, the circumstances of the case, the elements of the charge and the outcome, and the things that he was facing that could come out in the case."

On cross examination, Mr. Huffman testified that during his representation of Defendant, he believed Defendant understood and appreciated the nature of the charges and their possible penalties, that Defendant had the capacity to disclose relevant facts to him, and that at no time prior to or during trial did Defendant manifest any inappropriate behavior.  Mr. Huffman was recalled and upon inquiry of the Court testified that he reviewed with Defendant the facts and circumstances surrounding Defendant's case both at his office and at the courthouse.  On direct examination, Mr. Huffman testified that he discussed the plea form with Defendant and went through each paragraph individually.  He testified that while he was aware of Defendant's mental illness and medications, he found Defendant to be competent.

Defendant also testified at the . . . evidentiary hearing.  On direct examination, Defendant testified that he only spoke to his trial counsel once, for thirty (30) minutes, the day before trial.  He further testified that he had discussed with Mr. Huffman the fact that he was on medications and receiving psychiatric treatment.  Defendant testified that he had used alcohol prior to their meeting the day before trial and that he did not quite remember Mr. Huffman discussing the elements of the charges with him.  He testified that he had been drinking the night before his trial and entry into the guilty pleas, and that Mr. Huffman never explained to him his strategy for entering guilty pleas to the two (2) possession charges.  When asked whether Mr. Huffman went over the plea form with Defendant prior to entering the pleas, Defendant responded, "[n]o, not before.  I don't think he did."

On cross examination, the State attorney showed Defendant his plea form and asked whether Defendant remembered the form.  Defendant responded that he remembered the "first form" but that he never read any of it.  The Court then questioned Defendant further about his interactions with his attorney.  Specifically, the Court elicited that Defendant met with his attorney at the court prior to each scheduled hearing, and that Mr. Huffman would inform him of these hearings in advance.  On redirect

examination, Defendant testified that he did not read every paragraph of the plea form nor did Mr. Huffman explain them to Defendant.

Notably, the only evidence Defendant presented on the issue of his competency at the time of entry into the pleas was his own self-serving testimony and the testimony of his two (2) children.  After reviewing the motion, testimony, . . . argument, . . . the court files, and the record, the Court finds Mr. Huffman's testimony to be more credible than the testimony of Defendant and his two (2) children.  See Walls v. State, 926 So. 2d 1156, 1168 (Fla. 2006) (recognizing the trial court has a "superior vantage point in assessing the credibility of witnesses"); Smith v. State, 697 So. 2d 991, 992 (Fla. 4th DCA 1997) (stating that following an evidentiary hearing, the finder of fact can rely upon the testimony it finds credible).  Accordingly, the Court finds that Mr. Huffman had no reason to doubt whether, at the time the pleas were entered into, Defendant had the "sufficient present ability to consult with counsel plus a rational and factual understanding of the pending proceedings."  Pardo, 941 So. 2d at 1063.  Moreover, because Mr. Huffman had no reason to suspect that Defendant was incompetent, it cannot be deficient performance that he did not request a competency examination.  See Nixon, 932 So. 2d at 1020.  As such, the Court finds that counsel's performance was not deficient.

Likewise, Defendant is unable to establish prejudice under Strickland. Defendant contends that he was prejudiced because the insanity defense would have exonerated him, and he would not have pleaded guilty, but would have gone to trial.  As noted above, however, it appears that Defendant does not grasp the difference between the insanity defense and the requirement that a defendant be competent to proceed to trial or enter into a guilty plea.  Even assuming the insanity defense would have exonerated Defendant at trial, Defendant would still need to be competent before he would be permitted to proceed to trial.  Whether or not Defendant was insane at the time he committed the offenses has no bearing on the issue of whether or not counsel was ineffective for not requesting a competency evaluation at the time of trial and entry into the guilty pleas. Moreover, the Court notes that Defendant has not presented any evidence that he was insane at the time he committed the offenses. Rather, Defendant merely alleges that he has suffered from depression for the past ten (10) years.  As there is no indication in the record that Defendant was incompetent or insane, the Court finds that Defendant is unable to establish prejudice under Strickland.

In sum, the Court finds that Defendant has failed to establish either deficient performance or resulting prejudice.  Accordingly, the Court finds that counsel was not ineffective.

The state court accepted trial counsel's testimony that neither Colon's words nor his actions raised a question about his competency. A federal court must defer to the state court's findings of fact. 28 U.S.C. § 2254(e)(1). This deference applies to credibility determinations that resolve conflicting testimony. "We must accept the state court's credibility determination and thus credit [the attorney's] testimony over [the petitioner's]. Coulter v. Herring, 60 F.3d 1499, 1503 (11th Cir. 1995) (applying the statutory presumption of correctness under § 2254(d) to the state court's credibility determination), cert. denied, 516 U.S. 1122 (1996)." Baldwin v. Johnson, 152 F.3d 1304, 1316 (11th Cir. 1998), cert. denied, 526 U.S. 1047 (1999). Colon presents neither evidence proving his incompetence nor a basis for rejecting the state court's credibility determination. Consequently, Colon fails to show that the state court unreasonably applied Strickland.

Ground One:

Colon alleges that trial counsel rendered ineffective assistance by failing to suggest an insanity defense and having him tested to determine competency at the time of the offense. Colon alleges that he "had a mental infirmity, a defect" and that he advised counsel about his "mental condition," but he never identifies the infirmity, defect, or condition. The post-conviction court "adopt[ed] the State's Response as the Order of the Court," which response states (Respondent's Exhibit 7 at 528):

> In Ground One, Defendant has alleged that his trial counsel was ineffective for failing to advise him of a possible insanity defense, and for failing to have him evaluated for competency. . . . The allegations contained in Defendant's Motion are conclusory, and do not contain specific allegations of fact. As the court stated in Gutierrez v. State, 860 So.2d 1043 (Fla. 5th DCA 2003), "a defendant is only entitled to an evidentiary hearing when he or she alleges specific facts which are not conclusively rebutted by the

record, and, which demonstrate a deficiency in performance which prejudiced the defense.  Mere conclusory allegations are insufficient."  In this case, Defendant's claim that he had a "mental condition" does not meet the standard for either allegation or relief on this ground.

Considering the testimony from the evidentiary hearing regarding ground nine, trial counsel saw no basis for presenting a defense based on a mental deficiency. Moreover, trial counsel decided that presenting evidence about Colon's mental state was not the appropriate tactic.  While the jury was out of the courtroom the court determined that Colon would testify and during that colloquy the following exchange occurred (Respondent's Exhibit 1 at 349):

| [Prosecutor]: | Before we bring the jury back in, I think it's the time we address—obviously Mr. Huffman is going to elicit testimony about the defendant's mental state. |
|---|---|
| [Defense Counsel]: | No, I don't have to elicit that testimony the way things are now.  No, I'm not going to talk about the medications or anything else.  If they don't get into it, I'm not going to get into it. |
| [Prosecutor]: | We certainly aren't, but it was my impression — |
| The Court: | That's what my impression was also, counsel. |
| [Defense Counsel]: | Well, I changed tactics. |

Trial counsel must decide which strategic and tactical option to pursue, such as deciding which defense to present.  See Stanley v. Zant, 697 F.2d 955, 964 (11th Cir. 1983) (choosing a specific line of defense to the exclusion of others is a matter of strategy).

Ground Eight:

Colon alleges that trial counsel rendered ineffective assistance by failing to object to the "principal" jury instruction.  The state court rejected this claim (Respondent's Exhibit 7 at 135) (citations to record omitted):

In ground 8 of his Motion, Defendant alleges that his counsel was ineffective for failing to object to the [jury] instruction regarding section 777.011, Florida Statutes (2001) because Defendant was not charged with "Principles" (sic).

Defendant's allegation has no merit.  Section 777.011 instructs the jury that a defendant may be found guilty as a principal in the first degree even if the defendant was not present or constructively present during the commission of the crime if the jury believes the defendant helped to carry out the criminal act in any manner.  The evidence produced at trial clearly indicates that Defendant did not act alone in the commission of the crime. Therefore, the jury was properly instructed regarding the Defendant's potential responsibility for the crimes charged.  As such, the Defendant is not entitled to any relief on ground 8 of his Motion.

Colon was charged with conspiring with Gutierez to traffic in heroin.  The judge instructed the jury on conspiracy, joint possession of an item, and principals.[4]  Colon contends that counsel was ineffective for not objecting to the "principal" instruction. Colon was present in the motel room when the sale occurred.  The evidence shows that Colon (1) accompanied Gutierez into the motel room when Gutierez returned to effect the sale, (2) admitted to the undercover officers that he possessed a firearm, and (3) remained in the room while the heroin was exposed and offered for sale.  Colon offers no

---

[4] The judge charged the jury using Florida's standard jury instruction on "principals" as follows (Respondent's Exhibit 1 at 64):

> If the defendant helped another person or persons commit or attempt to commit a crime, the defendant is a principal and must be treated as if the defendant had done all the things the other person or persons did if
>
> 1. the defendant had a conscious intent that the criminal act be done and
> 2. the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist or advise the other person or persons to actually commit or attempt to commit the crime
>
> To be a principal, the defendant does not have to be present when the crime is committed or attempted.

- 14 -

valid legal basis for objecting to the instruction.  Based on these facts, the state court reasonably applied Strickland.

Ground Three:

Detective House was both the supervising officer of the drug transaction and in the room during the transaction.  Colon alleges that trial counsel rendered ineffective assistance by failing to timely object when the prosecutor elicited opinion testimony from Detective House.  In ordering the state to respond to this ground, the post-conviction court framed the issue as follows (citations to record omitted):

> In ground 3 of his Motion, Defendant alleges that counsel was ineffective for failing to timely object to [the] prosecution's improper questions that elicited opinion testimony from Detective House.  Specifically, Defendant contends that counsel did not object to the prosecution's question until after Detective House had provided an answer.  Defendant believes that the answer, which was to be stricken from the record, had a prejudicial effect on the outcome of the case.
>
> The record reflects that the following exchange took place:
>
> > Q:  Based on your training and experience as narcotics detective for sixteen years, based on your conversation you had with this defendant and Mr. Gutierez (sic), was there any doubt in your mind that Mr. Colon was purpose in this transaction?
> >
> > A:  No.
> >
> > Q:  He was the purpose?
> >
> > A:  Yes.
> >
> > [The Prosecutor]:    Can I have one moment, Judge?
> >
> > THE COURT:           Yes.
> >
> > [Defense Counsel]: Objection to that last —
> >
> > THE COURT:           Sustained.

- 15 -

| [Defense Counsel]: | — statement, ask that it be stricken. |
|---|---|
| THE COURT: | Counsel, did you hear the objection? |
| [The Prosecutor]: | Yes, Judge.  What's the basis? |
| THE COURT: | At the conclusion it's an opinion.  He asked if he was a participant. |
| [The Prosecutor]: | An opinion, based on his training and experience. |
| THE COURT: | Ladies and gentlemen of the jury, you are instructed to disregard the witness's last opinion, as stated to you. |

Based on this exchange, the Court is unable to conclusively refute Defendant's allegation.  As such, the Office of the State Attorney should respond to ground 3 of Defendant's Motion.

After the state responded the post-conviction court "adopt[ed] the State's Response as the Order of the Court," which response states (Respondent's Exhibit 7 at 529-30) (ellipsis original):

In Ground Three, Defendant claims that his counsel was ineffective for failing to timely object and move for a mistrial with regard to the prosecutors' eliciting of allegedly improper testimony from Detective House. The record, as re-stated in the court's order, shows that [defense counsel] did object and the Judge instructed the jury to disregard the objected-to testimony.  The objection was clearly timely, in that the Judge had sufficient time to do what he did, i.e., sustain the objection and give a curative instruction.  The objection was also sufficient to preserve the issue for appellate review.  Defendant further claims that counsel was ineffective for failing to move for a mistrial at this stage of the proceeding.  The granting of a mistrial is clearly within the discretion of the trial judge.  In order to prevail on this ground, Defendant would have to show that, had his counsel moved for a mistrial, it would have been granted.  "A motion for mistrial is [left to] the sound discretion of the trial judge and should only be granted in cases of absolute necessity . . . .  In other words, 'a mistrial should be granted only in circumstances where 'the error committed was so prejudicial as to vitiate the entire trial.'"  Perez v. State, 856 So. 2d 1074 (Fla. 5th DCA 2003), citing to Kivett v. State, 629 So. 2d 249 (Fla. 1993).

There is nothing in this record to suggest that the Judge in this matter
would have granted a mistrial, nor is there evidence that his failure to do so
would have been considered an abuse of discretion.

Although the jury would not have heard the answer if counsel had objected before

Detective House answered the question, Colon fails to show that he was prejudiced by

the answer, especially considering both the immediate curative instruction and, based on

the facts outlined above in ground eight, the ample evidence supporting the conclusion

that Colon was a participant in the drug transaction.  Colon fails to show that the state

court unreasonably applied Strickland.

Ground Two:

Colon alleges that trial counsel rendered ineffective assistance by failing to object

when on redirect examination Detective House testified to "typical characteristics of drug

transactions," including the statement that "everybody has a supplier," which testimony

was based on the detective's training and experience with drug transaction.  As shown

below, on cross-examination trial counsel "opened the door" regarding the detective's

extensive experience with drug transactions.  The post-conviction court "adopt[ed] the

State's Response as the Order of the Court," which response states (Respondent's

Exhibit 7 at 528-29) (citations to record omitted):

In Ground Two, Defendant claims that his trial counsel was ineffective for
failing to object to alleged opinion testimony of Detective House.  While it
could be argued that this testimony may have been objectionable, it is clear
that defense counsel in essence established the witness as a type of
expert during cross examination, and even attempted to elicit opinion
testimony from him.  On page 199 of the transcript the following occurs:

Q: (by [defense counsel])  Have you ever had situations—you've
been a narcotics detective for sixteen years.  How many undercover
deals—not that type, but approximately how many undercover deals
have you done?

A: Probably, guestimated, hundreds, maybe a couple hundred.

Q: In the thousands?

A: I'm not going to go that high.  I don't know.

Q: Okay.  You dealt with a lot of individuals who were selling dope, right?

A: Yes.

Q: You're familiar with the term puffing?

It is clear that defense counsel made a tactical decision to dwell on the witness' expertise to elicit testimony that would hopefully be beneficial to his client.  As such, he could not then object when the prosecutor attempted to elicit unfavorable testimony.  This course of action was one of trial strategy, and as such, cannot be deemed ineffective assistance.

Determining the breadth of cross-examination, especially disclosing the detective's experience conducting drug transactions, was a tactic within trial counsel's discretion.  Dorsey v. Chapman, 262 F.3d 1181 (11th Cir. 2001) (how to proceed with cross-examination is a strategic decision entitled to deference), cert. denied 535 U.S. 1000 (2002).  Because counsel's decision was a tactic or strategy, this court must determine "whether the state habeas court was objectively reasonable in its Strickland inquiry."  Putnam v. Head, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002).  After establishing the detective's qualifications, trial counsel could not object when the prosecutor elicited similar evidence on redirect examination.  Because counsel's performance was not deficient, Colon fails to show that the state court unreasonably applied Strickland.

Ground Four:

Colon alleges that trial counsel rendered ineffective assistance by failing to locate and depose the confidential informant, whom Colon contends was an exculpatory witnesses.  The post-conviction court "adopt[ed] the State's Response as the Order of the Court," which response states (Respondent's Exhibit 7 at 530-31) (citations to record omitted):

> In Ground Four, Defendant alleges that his trial counsel was ineffective for not calling the confidential informant as a witness on his behalf.  However, there is insufficient evidence to even support a motion to disclose the confidential informant.
>
> The record in this case clearly shows that the Defendant was involved in a narcotics transaction with an undercover law enforcement officer.  With regard to the confidential informant, the testimony of Detective House was as follows:
>
> > Q:  Okay.  Now, was this CI present for the actual buy bust operation?
> >
> > A:  He was present, but he wasn't—he didn't partake.
> >
> > Q:  Okay.  So he was out of the room when this actually occurred?
> >
> > A:  Yes, uh-huh.
>
> In order for a confidential informant to be disclosed, the defendant must show that the informant is a material witness for the defense that he is raising.  Miller v. State, 729 So. 2d 417 (Fla. 4th DCA 1999).  The mere fact that the informant was present during the transaction is not enough to automatically call for disclosure.  Miller at 420; State v. Carnegie, 472 So. 2d 1329 (Fla. 2d DCA 1985).  Thus, there being no showing that the confidential informant would have been disclosed, counsel cannot be deemed ineffective for failing to call him as a witness.
>
> Colon fails to identify what allegedly exculpatory information the confidential informant would have provided.  The confidential informant arranged the drug transaction

- 19 -

with Gutierez, and nothing refutes Colon's contention that he was unknown to the

confidential informant.  Nevertheless, the confidential informant could provide no

evidence to refute the ample evidence, as outlined above in ground eight, supporting the

conclusion that Colon was a participant in the drug transaction.  Colon cannot show that

counsel performed deficiently or that he was prejudiced.  Consequently, Colon fails to

show that the state court unreasonably applied Strickland.

 Ground Five:

Colon alleges that trial counsel rendered ineffective assistance by admitting that

Colon was guilty of carrying a concealed firearm.  The state court rejected this claim

 (Respondent's Exhibit 7 at 133-34) (citations to record omitted):

> In ground 5 of his Motion, Defendant alleges that counsel was ineffective
> for conceding guilt to the charged crime of carrying a concealed firearm.
> Defendant believes that the tactical decision to plead not guilty to carrying
> a concealed firearm and then conceding guilt to the jury was such an
> unsound strategy that he was essentially denied his right to counsel.
> Defendant contends that he would have pled guilty to the charge but for
> counsel's misadvice.
>
> The record reflects that Defendant was charged with and convicted of
> Carrying a Concealed Firearm.  Any admission by counsel that Defendant
> possessed a firearm would be harmless error because the Defendant was
> not convicted of possession of a firearm.  Furthermore, Defendant stated
> during his testimony that he possessed the gun and it was with him when
> he entered the room on the day of the incident.  Counsel never admitted
> that the gun was concealed.  In fact, the issue was argued zealously during
> closing arguments.  As such, Defendant is not entitled to any relief on this
> ground.

A review of the record supports the state court's determination that counsel

reasonably employed the strategy of admitting to possessing the firearm but not to

concealing it.  The term "strategy" is broadly defined.  "By 'strategy,' we mean no more

than this concept:  trial counsel's course of conduct, that was neither directly prohibited

- 20 -

by law nor directly required by law, for obtaining a favorable result for his client."

Chandler v. United States, 218 F.3d at 1314 n.14.  See also Felker v. Thomas, 52 F.3d 907, 912 (11th Cir. 1995) ("Within that wide range of reasonable professional assistance [that is constitutionally acceptable], there is room for different strategies, no one of which is 'correct' to the exclusion of all others.") and Stanley v. Zant, 697 F.2d 955, 964 (11th Cir. 1983) (choosing a specific line of defense to the exclusion of others is a matter of strategy).  Consequently, Colon fails to show that the state court unreasonably applied Strickland.

Ground Six:

Colon alleges that trial counsel rendered ineffective assistance by failing to object to the jury having the videotape during deliberations.  The state court rejected this claim (Respondent's Exhibit 7 at 134) (citations to record omitted):

> In ground 6 of his Motion, Defendant alleges that counsel was ineffective for failing to object to the videotape of the drug transaction being sent into the jury room during deliberations.  Defendant believes that the videotape of the drug transaction constitutes trial testimony and is not to [be] viewed by the jury without supervision.
>
> Rule 3.400(a)(4), Florida Rules of Criminal Procedure (2001) states:
>
>> (a) Discretionary Materials.  The court may permit the jury, upon retiring for deliberation, to take to the jury room: . . . (4) all things received in evidence other than depositions.
>
> The record reflects that the videotape of the drug transaction was entered into evidence and published to the jury.  Because the video was entered into evidence and published to the jury, it was permitted to be viewed by the jury in the jury room during deliberations and counsel was not ineffective for failing to object.  The videotape did not consist of trial testimony, rather it was physical evidence relating to the actual event.  As such, Defendant is not entitled to any relief on ground 6 of his Motion.

The state court correctly determined that Colon's claim is baseless because he erroneously believed that videotape was of trial testimony, whereas the videotape was evidence of the criminal transaction, not the trial.  Consequently, Colon fails to show that the state court unreasonably applied Strickland.

Ground Seven:

Colon alleges that trial counsel rendered ineffective assistance based on cumulative error.  The post-conviction court "adopt[ed] the State's Response as the Order of the Court," which response states (Respondent's Exhibit 7 at 531):

> In Ground Seven, the Defendant has alleged ineffective assistance of counsel based on alleged cumulative errors.  This allegation is clearly conclusory . . . .

Colon can prove cumulative error only by showing two or more errors.  "Without harmful errors, there can be no cumulative effect compelling reversal." United States v. Barshov, 733 F.2d 842, 852 (11th Cir. 1984), cert. denied 469 U.S. 1158 (1985).  See also Mullen v. Blackburn, 808 F.2d 1143, 1147 (5th Cir. 1987)[5] ("Mullen cites no authority in support of his assertion, which, if adopted, would encourage habeas petitioners to multiply claims endlessly in the hope that, by advancing a sufficient number of claims, they could obtain relief even if none of these had any merit.  We receive enough meritless habeas claims as it is; we decline to adopt a rule that would have the effect of soliciting more and has nothing else to recommend it.  Twenty times zero equals zero.").  Because each of the above individual claims lack merit, Colon cannot show cumulative

---

[5]  Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

error.  Consequently,  Colon fails to show that the state court unreasonably applied

<u>Strickland</u>.

Accordingly, Colon's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.

The clerk shall enter a judgment against Colon and close this case.

ORDERED in Tampa, Florida, on November 29, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE